NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIMA CHITSAZAN<br><br>   *Plaintiff*,<br><br>v.<br><br>DAVID ALLEN, in his official capacity as Deputy Chief of Mission, U.S. Embassy in Armenia; ANTONY BLINKEN, in his official capacity as Secretary of the U.S. Department of State,<br><br>   *Defendants*. | Case No. 24-9112<br><br>**OPINION**<br><br>September 30, 2025 |

**SEMPER,** District Judge.

The current matter comes before the Court on Defendants' David Allen and Antony Blinken (collectively, "Defendants") motion to dismiss Plaintiff Nima Chitsazan's ("Plaintiff") Complaint. (ECF 1, "Compl."; ECF 15-1, "Motion" or "Mot.") Plaintiff opposed the motion. (ECF 16-1, "Opp.") Defendants filed a reply. (ECF 21, "Reply.") The Court has decided this motion upon the submission of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

**I.**  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

1

This suit arises from a dispute regarding the adjudication of Plaintiff's family's I-130 visa applications. (Compl. ¶ 1.) Plaintiff, a U.S. citizen, filed visa petitions with the United States Citizenship and Immigration Service ("USCIS") for his mother, Masoumeh Bagherpour ("Mrs. Bagherpour"), and his father, Ali Chitsazan ("Mr. Chitsazan"), in February of 2022. (*Id.* ¶¶ 11, 17-18.) In February of 2023, USCIS approved Mrs. Bagherpour's and Mr. Chitsazan's applications. (*Id.* ¶¶ 19-20.) Because of Mr. Chitsazan's prostate cancer diagnosis, Plaintiff contacted the National Visa Center ("NVC") on January 16, 2024, to request his parents' cases be expedited. (*Id.* ¶¶ 8, 22.) The NVC approved Plaintiff's request on January 18, 2024. (*Id.* ¶ 22.)

On February 12, 2024, the U.S. Embassy in Armenia conducted interviews of Mrs. Bagherpour and Mr. Chitsazan where a consular officer reviewed their cases. (*Id.* ¶ 23.) After the interview, Mrs. Bagherpour's and Mr. Chitsazan's cases were placed in administrative processing pursuant to Section 221(g) of the Immigration and Nationality Act ("INA"). (*Id.* ¶ 24.) The same day, the U.S. Embassy in Armenia emailed Plaintiff, Mrs. Bagherpour, and Mr. Chitsazan a list of questions and requested additional information. (*Id.* ¶ 25.) Plaintiff, Mrs. Bagherpour, and Mr. Chitsazan submitted the requested information and responded to the email on February 19, 2024. (*Id.*) Plaintiff alleges that following the interview, Plaintiff and his parents have inquired into the status of the visa applications multiple times and have not received any "meaningful responses." (*Id.* ¶ 27.)

Plaintiff filed his complaint on September 12, 2024. (Compl.) Count One alleges that "[p]ursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, Defendants have a nondiscretionary duty to review and adjudicate Plaintiff's family's visa applications." (*Id.* ¶ 29.) Further, Count One claims that the Administrative Procedure Act "obligates Defendants to take these nondiscretionary actions within a 'reasonable

time,' 5 U.S.C. § 555(b)," and that, here, "Defendants have failed to adjudicate Plaintiff's family's visa applications within a reasonable time." (*Id.* ¶¶ 30-31.) Count Two alleges that under the Mandamus Act, 28 U.S.C. § 1361, this Court has "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a nondiscretionary duty owed to Plaintiff," and that Plaintiff "has no other means to compel Defendants to perform the nondiscretionary duty that Defendants owe Plaintiff." (*Id.* ¶¶ 34, 39.) Count Three alleges that Plaintiff "has a statutorily created entitlement to adjudication of his family's visa applications" and that "Defendants' delay in adjudicating [these] applications constitutes a deprivation of Plaintiff's protected interest without due process" under the Fifth Amendment to the Constitution. (*Id.* ¶ 42.) Plaintiff seeks relief in the form of an order (1) accepting and maintaining jurisdiction of this action; (2) mandating that defendants process the visa applications at issue within 15 days of the entry of the order or as soon as reasonably possible; (3) granting attorney's fees and costs. (*Id.* ¶ 45.)

On January 29, 2025, in lieu of an answer, Defendants moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to 12(b)(6). (Mot.) On February 13, 2025, Plaintiff filed his Opposition brief (ECF 16), and on March 10, 2025, Defendants filed their Reply (ECF 21).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). "The former challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to

3

'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual challenge attacks the allegations underlying the complaint's assertion of jurisdiction, "either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

Motions to dismiss for lack of standing are best understood as facial attacks. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("Defendants' Rule 12(b)(1) motions are properly understood as facial attacks because they contend that the [a]mended [c]omplaints lack sufficient factual allegations to establish standing."). In assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1), courts must apply the familiar 12(b)(6) standard. *Id.* ("In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim"); *see also Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011) ("A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.").

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a

4

defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. ANALYSIS

Defendants raise three arguments in their Motion: (1) the doctrine of consular non-reviewability bars Plaintiff's claims; (2) the Court lacks subject-matter jurisdiction because Plaintiff's claims are moot and there exists no duty to re-adjudicate a previously refused visa application under the APA and the Mandamus Act; and (3) the Complaint fails to state plausible claims for unreasonable delay and violation of Plaintiff's Fifth Amendment due process rights. (*See generally* Mot.) The Court addresses first the consular non-reviewability doctrine.

#### a. The Consular Non-Reviewability Doctrine

Defendants argue that "State Department records confirm that on February 12, 2024, a consular officer refused Plaintiff's family's applications under INA § 221(g), 8 U.S.C. § 1201(g),

and determined that additional security was required." (*Id*. at 10; ECF 15-2 ¶¶ 8-9.) They assert that "[t]he security screening is ongoing, and Plaintiff's parent's [sic] applications remain refused." (*Id*. at 10; ECF 15-2 ¶ 16.) Defendants argue that, under the doctrine of consular non-reviewability, "it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the government to exclude a given alien." (*Id*. at 14, citing *Knauff v. Shaughnessy*, 338 U.S. 537, 542-43 (1950).) In Defendants' view, "Plaintiff may not invoke the APA to establish congressional authorization to challenge the denial of a visa because the APA expressly leaves preexisting 'limitations on judicial review' in place." (*Id*. at 15, citing 5 U.S.C. § 702.) They further argue that "the doctrine of consular non-reviewability is not limited to decisions that would be 'final' for purposes of APA review under 5 U.S.C. § 704[,]" but that the doctrine also render non-reviewable "any '[d]ecisions regarding the admission and exclusion of noncitizens…at any stage of 'the visa-issuing process,' including 'suspending or denying' the issuance of a visa." (*Id*. at 16, citing *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021) (cleaned up) and *Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978).)

In his Opposition, Plaintiff argues Defendants misunderstand the nature of his Complaint, insofar as he "does not seek to challenge the denial of a visa" but rather requests that the Court compel Defendants to conclude the administrative process. (Opp. at 11.) To support the idea that the applications are stuck in administrative limbo, Plaintiff points to language on the refusals issued by the State Department which states: "You will receive another adjudication once such processing is complete." (Mot. at 9) Plaintiff argues that the consular non-reviewability doctrine "does not apply absent a final decision, nor where the Plaintiff challenges the placement of the application into administrative processing." (Opp. at 11.) Plaintiff contends that "[a]n application 'denied' and placed in administrative processing 'necessarily involves additional consideration

6

and a subsequent final decision' rendering this matter inapplicable for purposes of the doctrine." (*Id*. at 11-12, citing *Azadani v. Gaudiosi*, No. 24-00825, 2025 WL 35597, at *4 (D. Colo. 2025).

On Reply, Defendants invoke the Supreme Court's decision in *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024) for the proposition that there is "no distinction between 'non-final' and 'final' decisions[,]" arguing that "when Congress delegates discretionary authority to executive officials to admit noncitizens to the United States without judicial review, as it did in the INA, the action of the executive officer 'to admit or to exclude' a noncitizen is 'final and conclusive.'" (Reply at 8.)

"As long as the State Department considers the merits of an application for an immigrant visa, this Court may not alter or even review the Department's decision. […] Thus, the determinative question is whether a decision on [the] visa application has been made." *Onuchukwu v. Clinton*, No. 10-1490, 2010 WL 3614217, at *2 (D.N.J. Sept. 7, 2010), *aff'd*, 408 F. App'x 558 (3d Cir. 2010). Here, it is clear from the record as presented by Plaintiff that the consular official has indeed decided on the visa applications at issue by refusing them. Considering this fact, the consular non-reviewability doctrine operates to shield the decision from judicial review by stripping the Court of subject matter jurisdiction. The Court's analysis need go no further.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:   Parties

7